1

2

3

4

5

6          UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
7                  AT TACOMA

8   DIAMOND CONCRETE, LLC, a
    Washington corporation; ROBERT
9   EDWARD DIAMOND JR., individually;          CASE NO. C11-5360BHS
    RAIN CITY CONTRACTORS, INC., a
10  Washington corporation; and KEN
    PEARSON and SHARON PEARSON,
11  husband and wife,
                                               ORDER GRANTING
12                                             DEFENDANTS' MOTION TO
                   Plaintiffs,                 STRIKE/DISMISS
13
           v.
14
    PACIFIC NORTHWEST REGIONAL
15  COUNCIL OF CARPENTERS; JIMMY
    MATTA, individually and as
16  representative of the Regional Council;
    JIMMY HUAN, individually and as
17  representative of the Regional Council;
    BEN BASOM, individually and as
18  representative of the Regional Council;
    and DOES 1-50,
19
                   Defendants.
20

21         This matter comes before the Court on Defendants' special motion to

22  strike/dismiss Plaintiffs' eighth cause of action, abuse of administrative process (Dkt. 16).

23  The Court has reviewed the briefs filed in support of and in opposition to the motion and

24  the remainder of the file and hereby grants Defendants' motion as discussed stated herein.

25              **I. FACTUAL AND PROCEDURAL HISTORY**

26         This matter arises out of Plaintiffs' dispute with a labor union. *See generally* Dkt. 1

27  (Complaint). On May 10, 2011, Plaintiffs commenced this action and included within

28

    ORDER - 1

their complaint a claim for abuse of administrative process. Complaint ¶¶ 112-116 (Plaintiffs' eighth cause of action). On June 7, 2011, Defendants moved to strike or dismiss Plaintiffs' eighth cause of action. Dkt. 16. On June 27, 2011, Plaintiffs responded in opposition to Defendants' motion to strike/dismiss. Dkt. 21. On July 1, 2011, Defendants replied. Dkt. 24.

## II. DISCUSSION

Defendants move the Court to dismiss/strike Plaintiffs' eighth cause of action (abuse of administrative process) on the basis that (a) such a claim is not recognized in Washington or (b) that they are immune from suit on the underlying facts pursuant to RCW 4.24.510 (Washington's Anti-SLAPP provision).

Plaintiffs have based their eighth cause of action to a single complaint made by Defendants with the National Labor Relations Board ("NLRB"). Dkt. 21 at 2 (Defendants' "March 2011 NLRB charge against the [P]laintiffs . . . is the basis of [P]laintiffs' eighth cause of action."). That being the case, the Court equally confines Defendants' motion to strike/dismiss to the March 2011 NLRB complaint.

With this understanding of Plaintiffs' eighth cause of action, the Court now turns to Defendants' motion.

**A.    12(b)(6)**

Under the Federal Rules of Civil Procedure (Fed. R. Civ. P.), a motion to dismiss is proper when a party asserts a claim for which no set of facts can be pleaded on which relief can be granted. Fed. R. Civ. P. 12(b)(6). Defendants argue that Plaintiffs' eighth cause of action is such a claim.

Defendants argue and Plaintiffs concede that no tort exists under Washington law for abuse of process when the underlying facts pertain to a complaint made to an agency. *Compare* Dkts. 16 and 24 with 21; *see also Sea-Pac Co. v. United Food & Commercial Workers Local Union 44*, 103 Wn.2d 800, 806-807 (1985) (citing *Fite v. Lee*, 11 Wn.

ORDER - 2

App. 21, 27 (1974) (holding that a complaint to an agency does not constitute process issued in a Washington Court; "therefore there is no abuse of process. Whether the Union used the process of the Board for an improper purpose is for the Board to decide.")). *Sea-Pac*, if applied, would operate to prevent Plaintiffs from filing an abuse of process claim against Defendants based on a complaint they made to the NLRB.

In opposition, Plaintiffs contend that they are seeking relief based on the tort of abuse of administrative proceedings and not, as Defendants contend, on the separate tort of abuse of process. *See* Dkt 21 (citing Restatement 2d of Torts § 680 (outlining the elements of an abuse of administrative proceedings claim)). However, as Plaintiffs concede no court in Washington has adopted such a tort. Plaintiffs do provide some case law from other jurisdictions to support their request for this Court to adopt the Restatement 2d of Torts § 680 in order to provide for such a cause of action.

However, the Court is not persuaded by Plaintiffs' analysis of the issue and declines to adopt such a rule for Washington courts. In so declining, Plaintiffs' eighth cause of action is one for which relief does not exist.

Therefore, the Court grants Defendants' motion to dismiss Plaintiffs' eighth cause of action. *See* Fed. R. Civ. P. 12(b)(6).

**B.    Anti-SLAPP**

Alternatively, Defendants argue that they are immune from liability for Plaintiffs' eighth cause of action pursuant to Washington's Anti-SLAPP statute, RCW 4.24.510. The Anti-SLAPP statute provides in pertinent part:

> A person who communicates a complaint or information to any branch or agency of federal, state, or local government, . . . is immune from civil liability for claims based upon the communication to the agency or organization regarding any matter reasonably of concern to that agency or organization . . . . A person prevailing upon the defense provided for in this section is entitled to recover expenses and reasonable attorneys' fees incurred in establishing the defense and in addition shall receive statutory damages of ten thousand dollars. Statutory damages may be denied if the

ORDER - 3

court finds that the complaint or information was communicated in bad faith.

RCW 4.24.510.

The parties initially dispute whether Defendant Pacific Northwest Regional Council of Carpenters ("Regional Council") is considered a "person" for purposes of the Anti-SLAPP statute. To support its position that Regional Council is not a "person" under RCW 4.24.510, Plaintiffs cite to *Segaline v. Dep't of Labor & Indus.*, 169 Wn.2d 467 (2010). However, as Defendants correctly point out, *Segaline's* holding is limited to governmental agencies, not non governmental organizations like Regional Council. Indeed the *Segaline* court noted that "in *Skimming v. Boxer*, 119 Wn. App. 748, 758 (2004), [the Court of Appeals] correctly held RCW 4.24.510 granted immunity *only* to 'a non government individual *or organization*.'"

Plaintiffs next argue that if Regional Council qualifies as a person, Defendants should not prevail on their Anti-SLAPP defense because their complaint was frivolous. However, contrary to Plaintiffs' arguments about the merit of Regional Council's complaint to the NLRB, whether the complaint was filed in good faith or bad faith or is otherwise frivolous is irrelevant to the question of whether they qualify for immunity under the Anti-SLAPP statute. *See DiBiasi v. Starbucks, Corp*. 414 Fed. Appx. 948, 950 (2011) (holding that immunity is not dependant on a finding of good or bad faith filing with an agency). Therefore, applying RCW 4.24.510 here, Regional Council is entitled to immunity under the Anti-SLAPP statute because it is a non governmental agency that filed a complaint that was a matter reasonably of concern for the NLRB.

As Defendants point out, the Anti-SLAPP statute awards a party prevailing on such a defense with fees, costs, and statutory damages of ten thousand dollars. *See* RCW 4.24.510. However, the final clause of the Anti-SLAPP statute reads in pertinent part as

ORDER - 4

follows: "Statutory damages may be denied if the court finds that the complaint or information was communicated in bad faith."

Plaintiffs argue that Defendants' complaint to the agency was frivolous and without merit. It is undisputed that Defendants filed a complaint seeking injunctive relief to prevent Plaintiffs from filing the instant lawsuit against Defendants. Defendants ultimately withdrew the complaint before it was decided by the NLRB and proceeded to defend in this law suit. Plaintiffs argue that Defendants' complaint was improper because the NLRB does not have the power to enjoin a lawsuit.

In opposition, Defendants argue that the opposite is true and support their position by citing to *Small ex rel. NLRB v. Operative Plasterers' & Cement Masons' Int'l Ass'n Local 200, AFL-CIO*, 611 F.3d 483, 491-92 (9th Cir. 2010). However, Defendants citation to *Small* is misplaced and misleading. In *Small* the Ninth Circuit expressly stated in pertinent part as follows: "In the NLRA context, the Supreme Court has explained that '[t]he filing and prosecution of a well-founded lawsuit may not be enjoined as an unfair labor practice.'" *Id*. The *Small* court went on to discuss that the NLRB does have the power to enjoin a law suit that "has an objective that is illegal[.]" *Id*.

Defendants have not provided the Court with competent evidence or adequate argument that Plaintiffs' lawsuit is brought with an illegal objective, which leaves the NLRB powerless to enjoin Plaintiffs' suit against Defendants. This lends credence to Plaintiffs' contention that Regional Council's complaint to the NLRB was frivolous. Further the Court is well aware of Defendants' counsel's legal resources and abilities to understand and interpret statutes and case law. Defendants were or should have been well aware of the fact that Regional Council's complaint to the NLRB was asking the agency to exercise a power it did not have, which makes the filing of one in bad faith.

Therefore, although Defendants are immune from liability based on Plaintiffs'
eighth cause of action (abuse of administrative proceedings), Defendants are not entitled
to the statutory monetary award.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to strike/dismiss is
**GRANTED** as discussed herein.

DATED this 25th day of July, 2011.



BENJAMIN H. SETTLE
United States District Judge