UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DIAMOND CONCRETE, LLC, a
Washington corporation; et. al.,

Plaintiffs,

v.

PACIFIC NORTHWEST REGIONAL
COUNCIL OF CARPENTERS; et. al.,

Defendants.

CASE NO. C11-5360BHS

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT
BASED ON THE
APPLICABLE STATUTE OF
LIMITATION PERIOD

This matter comes before the Court on Defendants' motion for partial summary judgment on Plaintiffs' defamation and Section 303 claims (Dkt. 18). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part Defendants' motion as discussed herein.

## I. FACTUAL AND PROCEDURAL HISTORY

This matter arises out of Plaintiffs' dispute with a labor union. *See generally* Dkt. 1 (Complaint). On May 10, 2011, Plaintiffs commenced this action and alleged, among other things, that Defendants made defamatory statements about Plaintiffs and violated the laws on secondary boycotts under Section 303 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 187. *See* Complaint.

On June 7, 2011, Defendants moved for partial summary judgment on Plaintiffs' defamation and § 303 claims. Dkt. 18. On June 27, 2011, Plaintiffs responded in opposition to Defendants' motion for partial summary judgment. Dkt. 19. On July 1,

ORDER - 1

2011, Defendants replied. Dkt. 23. The instant motion concerns whether or not the applicable statutes of limitation bar Plaintiffs' allegations of defamation and their Section 303 claim.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial -, e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The

nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson,* 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Defamation**

The parties agree that defamation claims filed in Washington are generally subject to a two-year statute of limitations period. *See* RCW 4.16.100(1) (two years applies to defamation claims). The parties also agree that the allegations of defamation existing in paragraphs preceding 41 in Plaintiffs complaint pertain to matters published prior to May 10, 2009. *Compare* Dkts. 18 & 23 with 19. In other words, absent some exception, Plaintiffs' claims for defamatory statements made prior to May 10, 2009 are time barred because Plaintiffs did not file their complaint alleging defamation for such statements until more than two years later on May 10, 2011. Dkt. 1.

In opposition to Defendants' statute of limitations argument, Plaintiffs argue that the doctrine of continuing torts applies in their case. Dkt. 19 at 4 (collecting cases). It is true that

> Washington recognizes the theory of continuing torts. *See Island Lime Co. v. Seattle,* 122 Wn. 632 (1922) (nuisance); *Doran v. City of Seattle*, 24 Wn. 182, 183 (1901) (negligence); *Fradkin v. Northshore Util. Dist.*, 96 Wn. App. 118 (1999) (trespass). When a tort is continuing, the "statute of limitations runs from the date each successive cause of action accrues as manifested by actual and substantial damages." *Fradkin*, 96 Wn. App. at 125. *A tort is continuing if the intrusive condition is reasonably abatable and not permanent. Id.* The tort continues until the intrusive substance is removed. *Bradley v. Am. Smelting & Refining Co.*, 104 Wn. 2d 677, 693 (1985).

*Pac. Sound Res. v. B.N.S.F. Ry.*, 130 Wn. App. 926, 941 (2005) (emphasis added). In urging the Court to apply the doctrine of continuing torts, Plaintiffs argue that their

ORDER - 3

defamation claim stems from certain of Defendants' statements made in or around June 2008 until the present. Dkt. 19 at 5.

However, Plaintiffs cite to no case, and this Court has found no case wherein a Washington court or a federal court applying Washington law has applied the doctrine of continuing torts to defamation claims. As discussed above, the cases are typically ones of nuisance and trespass. *But see LaMon v. Butler*, 112 Wn.2d 193, 196-197 (holding that the two-year statute of limitations period barred five articles published two years prior to the LaMons complaint). Notably, the *LaMon* court did not apply the doctrine of continuing torts to include five articles previously published notwithstanding the fact that a sixth article containing identical misstatements was published within the statute of limitations period and, therefore, not barred. The holding in *LaMon* cuts directly against Plaintiffs' position.

Moreover, in tracing back the applicability of the continuing tort doctrine, the *Fradkin* case is instructive. *See* 96 Wn. App. at 124. In *Fradkin*, the court explained that the continuing tort doctrine applies to instances in which the "the intrusive condition is reasonably abatable and not permanent." *Id*. at 125 (citing the 1901 case of *Doran*, 24 Wn. 182). Put otherwise, the continuing damage can be stopped and the damages already inflicted are able to be undone.

Here, it may be that Defendants have published defamatory statements within the two-year limitations period beginning on May 10, 2009 (two years from the date of the complaint). However, in Plaintiffs' case, any statements published prior to that time are not abatable, permanent, or both, which is unlike a particulate matter case (nuisance) that can be stopped (abated) and the damage reversed (not permanent). In short, Plaintiffs have not provided adequate authority for the proposition that they may seek redress for allegedly defamatory statements made by Defendants that precede May 10, 2009 (i.e., the allegations complained of in their Complaint preceding paragraph 41). Nor have Plaintiffs

sufficiently articulated with any persuasiveness how Defendants' alleged prior defamatory statements could actually be abated or are not permanent. Logically, while future statements could be discontinued and are not yet permanent, the same cannot be said for past statements that have already been published.

Therefore, the Court grants Defendants' motion for partial summary judgment as to the defamation claims arising from Plaintiffs allegations of defamation that precede paragraph 41 in their Complaint. *See* Dkt. 1.[1]

**C.    Section 303**

Defendants move to dismiss on summary judgment Plaintiffs' § 303 claims based on a two-year statute of limitations period. Dkt. 23 at 6 (citing RCW 4.16.130, Washington's "catch-all" limitations statute). In opposition, Plaintiffs argue that their § 303 claims are subject to a three-year statute of limitations period under RCW 4.16.080(2). Dkt. 19 at 5. While the parties agree that Washington law provides the applicable statutory limitations period, they dispute which time period applies to Plaintiffs' instant § 303 claims. *See International Union of Operating Engineers, etc. v.*

---

[1] To the extent Plaintiffs could make a different argument for the allegations in paragraphs 21-24 of their Complaint (currently not identified with a date of publication), they have failed to provide competent evidence that these allegedly defamatory statements were made after May 10, 2009. *See* Complaint at ¶¶ 21-24 (not providing dates of publication). Additionally, Defendants correctly point out that Plaintiffs may not rely on a declaration made without personal knowledge to support evidence produced. Here, Plaintiffs supply the declaration of their counsel to support their position that the defamatory statements have continued. *See* Dkt. 19 (relying on the Declaration of Sok-Khieng Lim). Although Plaintiffs' counsel did supply documents that are purported to be defamatory publications occurring after March of 2009, the Court cannot tell from the documents whether or not they were in fact published after such date. Further still, the documents would need to have been published after May of 2009, the two year cutoff date based on the applicable statute of limitations discussed above. Plaintiffs, in any event, failed submit competent evidence supported by the declaration of someone with personal knowledge to this effect; Plaintiffs' counsel's declaration, on its own, fails to meet this requirement. Therefore, the Court's order on summary judgment herein as to defamation applies to the allegations in ¶¶ 21-24 of Plaintiffs' complaint.

*Fischbach & Moore, Inc.*, 350 F.2d 936, 939 (9th Cir. 1965) (holding that a state's most analogous statute of limitations period applies to § 303 claims).

Defendants first argue that RCW 4.16.080(2) cannot apply to § 303 claims because that limitations statute is applied only to issues involving personal rights rather than the rights of an entity. Dkt. 23 at 7. However, while Defendants supply authority wherein a court applied RCW 4.16.080(2) to such personal rights cases (e.g., car accidents), they do not supply authority for the proposition that the statute does not apply to entity rights. As such, the argument is unpersuasive.

Defendants next oppose Plaintiffs' claim that § 303 claims are subject to the three-year limitations period in RCW 4.16.080(2) because courts have applied that period to § 301 cases and other courts have held that § 301 and § 303 claims are subject to the same limitations period. *Compare* Dkt. 19 at 6 with Dkt. 23 at 7. For its position, Plaintiffs rely on § 303(b), which provides that suits under § 303 are "subject to the limitations period of § 301." *See* Dkt. 19 at 6 (quoting 29 U.S.C. § 187(b)).

In opposition, Defendants argue that such argument "has been expressly rejected by courts out of recognition that the two sections were enacted for different reasons." Dkt. 23 at 8 (citing *BE & K Constr. Co. v. Will & Grundy Counties Bldg. Trades Council*, 156 F.3d 756, 762 (7th Cir. 1998)). Defendants' interpretation of *BE & K Constr. Co.* is not entirely on point because, while that opinion is instructive to this case, it did not expressly reject Plaintiffs' position that § 303 claims and § 301 claims are treated the same for purposes determining which limitations period applies to such claims in Washington. *BE & K Const. Co.* involved the question of whether a six-month limitation period applied to § 301 claims. In rejecting the six-month limitations period for straightforward § 301 claims, the Seventh Circuit held that an exception to the limitations language in § 301 (referencing § 303) exists whereby § 301 claims are subject to a six-month rather than three-year limitations period when a court is presented with a hybrid case involving a §

301 claim mixed with a duty of fair representation action. *See BE & K Constr. Co.*, 156 F.3d at 762-63 (rejecting the hybrid limitations period of six months as the period applicable to straightforward § 301 claim or a § 303 unfair labor practices claim cases).

Thus, in contrast to Defendants' position, the Seventh Circuit expressed that the rule on hybrid cases (six-month limitations period) "should not be taken as a departure from prior practice in borrowing limitations periods for federal causes of action, in labor law or elsewhere." *Id.* (citation omitted). Further, in *BE & K Constr. Co.*, the Seventh Circuit did not reject the statutory language in § 301 that expressly provides that the same limitations apply to § 301 claims applies equally to § 303 cases. *Id.*

To support its position that a three-year limitations period applies, Plaintiffs rely on *Washington v. Northland Marine Co., Inc.*, 681 F.2d 582 (9th Cir. 1982). In *Northland*, the Ninth Circuit held that Washington's three-year statute of limitation period rather than the two-year "catch-all" statute applied to § 301 claims. *Id.* at 586-87. Defendants contend that *Northland* does not apply because it was a hybrid case, which requires a six-month limitations period. Dkt. 23 at 8 (relying on *BE & K Constr. Co.*, 156 F.3d at 762). Although Defendants are correct about *Northland* being a hybrid case, their arguments on this issue miss a critical distinction in the cases coming after *Northland*. *See Scoggins v. Boeing Co., Inc.*, 742 F.2d 1225, 1227-1228 (9th Cir. 1984).

In *Scoggins*, the Ninth Circuit reviewed the cases following *Northland* and their impact going forward:

> Prior to the U.S. Supreme Court's decision in *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56 (1981), the statute of limitations for *hybrid* Section 301 actions in Washington was three years. *Christianson v. Pioneer Sand & Gravel Co.*, 681 F.2d 577 (9th Cir. 1982) (three year statute of limitations for suits against employers); *Washington v. Northland Marine* Co., 681 F.2d 582 (9th Cir. 1982) (three year statute of limitations for suits against unions). In *Mitchell*, the Supreme Court held that a state limitation period for vacation of an arbitral award controlled the employee's Section 301 action against his employer Mitchell, 451 U.S. at 64. In Washington, this period is three months. *See* Wash. Rev. Code § 7.04.180 (1974). The *Mitchell* opinion, however, invited a square presentation of the

ORDER - 7

> question whether a more appropriate period would be the six-month limitation period found in Section 10(b) of the National Labor Relations Act. 451 U.S. at 60 n. 2. In *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151 (1983), the Court decided this question. The Court held that the limitation period as to claims against both an employer and a union is six months. We must decide whether either of these decisions applies to Scoggins' action, filed eight months after *Mitchell* and sixteen months before *DelCostello*.
>
> We have held that *DelCostello* does not apply . . . to claims against employers under the Labor Management Relations Act. *See Barina v. Gulf Trading and Transportation Co.*, 726 F.2d at 563-64. The six-month limitations period announced in *DelCostello* cannot, therefore, govern Scoggins' action.

*Id.* (Emphasis added). The Ninth Circuit, contrary to Defendants' position, went on to hold that Scoggins action against the union was subject to Washington's three-year statute of limitations period. *Id.* at 1229 (affirming that portion of *Northland*, 681 F.2d at 586).

Based on the foregoing, the Court concludes that Plaintiffs have supplied adequate authority to support their position that the three-year statute of limitations period in RCW 4.16.080, rather than the "catch all" two year period in RCW 4.16.130, applies to their indisputably, non-hybrid case against Defendants. Because the three-year limitations period applies to § 303 claims and because it is undisputed that Plaintiffs' filed their § 303 complaint within the three-year limitation period, their § 303 claims are not time barred.

Therefore, Defendants' motion for summary judgment on this issue is denied.

### III. ORDER

ORDER - 8

Therefore, it is hereby **ORDERED** that

(1) Defendants' motion for summary judgment on Plaintiffs' defamation claim is **GRANTED** as discussed herein, and

(2) Defendants' motion for summary judgment on Plaintiffs' § 303 claim is **DENIED** as discussed herein.

DATED this 26th day of July, 2011.

BENJAMIN H. SETTLE
United States District Judge